# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **S.T.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: |
| ) | **JURY TRIAL DEMANDED** |
| **CHRISTOPHER D. COULTER,** ) | |
| **individually, and in his official capacity** ) | |
| **as an officer of the BELLEVILLE** ) | |
| **POLICE DEPARTMENT, Illinois;** ) | |
| ) | |
| **WILLIAM G. CLAY, III,** ) | |
| **in his official capacity** ) | |
| **as Police Chief of the BELLEVILLE** ) | |
| **POLICE DEPARTMENT, Illinois;** ) | |
| ) | |
| **and** ) | |
| ) | |
| **CITY OF BELLEVILLE, Illinois,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DAMAGES

**(Assault; Battery; False Imprisonment; Intentional Infliction of Emotional Distress; Illinois Gender Violence Act § 740 ILCS 82; and Deprivation of Civil Rights pursuant to 42 U.S.C. § 1983)**

## INTRODUCTION

This is a civil action seeking damages against: Defendant Christopher D. Coulter ("Defendant Coulter") who is or was a police officer of the City of Belleville; Defendant William G. Clay, III, ("Defendant Clay") who is the Police Chief for the Belleville Police Department; and Defendant City of Belleville ("Defendant Belleville") (collectively "Defendants") for committing acts, under color of state law, which deprived Plaintiff S.T. ("Plaintiff") of rights secured under the Constitution and laws of the United States and the state of Illinois; and, for refusing or failing to prevent such deprivations and denials to Plaintiff.

Plaintiff alleges, among other things, that Defendants intentionally, negligently, and/or recklessly caused Plaintiff to be subjected to unlawful conduct and other infringements of her constitutional rights.  This action seeks both compensatory and punitive damages against Defendants for the intentional acts of wrongdoing and negligence under state and federal law.

## JURISDICTION

1.

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment of the United States Constitution.  This Court has jurisdiction for this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under laws of the state of Illinois, pursuant to 28 U.S.C. § 1367.  Alternatively, Plaintiff further invokes diversity jurisdiction of this Court to hear and decide the instant claims pursuant to 28 U.S.C. § 1332.

## PARTIES

2.

At all times relevant hereto, Plaintiff was a resident of the state of Missouri and a citizen of the United States.

3.

At all times relevant hereto, Defendant Coulter was a City of Belleville Police Officer and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Belleville, Illinois, and the Belleville Police Department; and, pursuant to his authority as a police officer.

4.

Upon information and belief, Defendant Coulter may be served with a copy of the complaint and summons at his place of residence of 2210 E A Street, Belleville, IL 62221 in Saint Clair County, Illinois.

5.

At all times relevant hereto, Defendant Clay is and was the Belleville Police Chief and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Belleville, Illinois, and the Belleville Police Department; and, pursuant to his authority as the Police Chief.

6.

Defendant Clay may be served with a copy of the Complaint and Summons anywhere he can be found within the jurisdiction of the Court.

7.

At all times relevant hereto, Defendant Belleville is and was a municipal corporation and maintained the Belleville Police Department, which operates under, and administers, a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its officers.  These policies, practices and customs include training in the use of force and on-the-street encounters with civilians as well as the basis for an arrest.

8.

Pursuant to 735 ILCS 5/2-211, Defendant Belleville may be served with a copy of the Complaint and Summons upon Mayor Mark W. Eckert or City Clerk Jennifer G. Meyer at City Hall, 101 So. Illinois St. Belleville, IL 62220.

9.

Upon information and belief, Defendants waived sovereign immunity due to their willful and wanton conduct pursuant to 745 ILCS 10.

## **STATEMENT OF FACTS**

10.

On or about June 30, 2018, Plaintiff's friend dropped her off at the Moto Mart located 701 W Main Street, Belleville, Illinois 6220 (the "Moto Mart").

11.

Plaintiff's cellphone was inoperable or lacked a charge.

12.

While waiting at Moto Mart, an employee of Moto Mart called emergency services to report Plaintiff for loitering.

13.

Several law enforcement officers, including Defendant Coulter, responded to the scene.

14.

Upon Defendant Coulter and others responding to the scene, there was no altercation or disturbance of the peace.

15.

Plaintiff explained to the responding officers that she needed assistance getting to a bus station and was unable to contact anyone due to her nonfunctioning phone.

16.

Defendant Coulter insisted that he drive Plaintiff to a bus station.

17.

Defendant Coulter placed Plaintiff in the back of his police vehicle and drove her away from the Moto Mart.

18.

Defendant Coulter drove Plaintiff to a secluded area.

19.

Defendant Coulter parked his police vehicle and ordered Plaintiff to get out of the vehicle.

20.

Defendant Coulter approached Plaintiff at which point he called her a "pretty little nigger."

21.

Defendant Coulter then kissed Plaintiff on the shoulder.

22.

Defendant Coulter placed both hands on Plaintiff's shoulders, and exerted downward force, making her kneel to the ground as he stood over her.

23.

Defendant Coulter then exposed his penis and inserted it into Plaintiff's mouth and forced her to perform a sexual act without her consent.

24.

After some time, Defendant Coulter ejaculated into Plaintiff's mouth.

25.

Plaintiff was put back into Defendant Coulter's police vehicle where she lost consciousness.

26.

Defendant Coulter took Plaintiff to the Fairview Heights Metrolink (the "Metrolink") located at IL 161/ St Clair Ave, Fairview Heights, IL 62208, where he left Plaintiff alone and unconscious.

27.

Plaintiff woke up at the Metrolink traumatized.

28.

Upon information and belief, Plaintiff's purple duffle bag containing personal items was taken by Defendant Coulter.

29.

An unknown person contacted emergency services and requested an ambulance to respond to the Metrolink.

30.

Emergency personnel responded to the scene and Plaintiff was examined, stabilized, and rushed to Memorial Hospital Belleville for treatment.

31.

Plaintiff reported to Memorial Hospital Belleville staff that she was sexually assaulted.

32.

Plaintiff consented to the administration of a rape kit where tissue samples of her left shoulder and mouth were collected.

33.

Plaintiff's clothes were collected as evidence, along with the rape kit, that was given to the Illinois State Police for forensic analysis.

34.

Plaintiff incurred special damages including, but not limited to, the following:

| | | |
|---|---|---|
| Memorial Hospital Belleville | 6/30/18 | $10,727.95 |
| Emergency Services Midwest | 6/30/18 | $    570.00 |
| Abbot EMS | 6/30/18 | $ 1,517.38 |
| **TOTAL SPECIALS** | | **$12,815.33** |

35.

On or about July 1, 2018, the Department of Police for Defendant Belleville identified Defendant Coulter as the "on-duty officer who provided the courtesy transport."

36.

On or about July 1, 2018, Defendant Belleville removed Defendant Coulter from active duty and placed him on "administrative leave with pay."

37.

On or about July 19, 2018, Defendant Coulter consented to the collection of his DNA, wherein his DNA was collected that same day and sent to the Illinois State Police for forensic analysis.

38.

On or about October 2, 2018, Defendant Clay notified Defendant Coulter of his decision to commence an Administrative Investigation regarding the incident.

39.

Sometime after, Defendant Clay sent Defendant Coulter a "Notice of Interview/Interrogation" which would be held on October 24, 2018.

40.

On or about October 22, 2018, two days prior to the scheduled Interview/Interrogation, Defendant Clay received a letter from Defendant Coulter stating that Defendant Coulter was resigning from the Belleville Police Department effective October 23, 2018.

41.

Upon information and belief, Defendant Coulter was not interviewed or interrogated regarding Plaintiff's allegations.

42.

Upon information and belief, Defendant Clay did not make any investigative findings in regard to Plaintiff's allegations against Defendant Coulter.

43.

Upon information and belief, Defendant Clay did not take any disciplinary action against Defendant Coulter as a result of Plaintiff's allegations.

## COUNT I
## (ASSAULT)

44.

Plaintiff repeats and realleges each and every relevant allegation set forth in paragraphs 1 through 43 of this Complaint as if fully set forth herein verbatim.

45.

Defendant Coulter knowingly and without lawful authority engaged in conduct which placed Plaintiff in reasonable apprehension of receiving a battery.

46.

As a direct and proximate result of Defendant Coulter's willful, malicious and intentional conduct, Plaintiff suffered bodily injuries and mental disturbance before, during, and after being placed in reasonable apprehension of being forced to commit said sexual act.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages, punitive damages against Defendant Coulter in the amount of Five Million Dollars ($5,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

### COUNT II
### (BATTERY)

47.

Plaintiff repeats and realleges each and every relevant allegation set forth in paragraphs 1 through 46 of this Complaint as if fully set forth herein verbatim.

48.

Defendant Coulter knowingly and intentionally, without Plaintiff's consent, touched Plaintiff when he forced Plaintiff to commit a sexual act against her will.

49.

As a direct and proximate result of Defendant Coulter's willful, malicious and intentional conduct, Plaintiff suffered bodily injuries and mental disturbance during and after being forced to commit said sexual act.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages, punitive damages against Defendant Coulter in the amount of Five Million Dollars ($5,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## COUNT III
### (FALSE IMPRISONMENT)

50.

Plaintiff repeats and realleges each and every relevant allegation set forth in paragraphs 1 through 49 of this Complaint as if fully set forth herein verbatim.

51.

Defendant Coulter caused Plaintiff's liberty to be unreasonably restrained against her will when he (1) ordered her into his vehicle, (2) drove to the secluded area and (3) did not permit her to leave when he forced her to commit said sexual act.

52.

As a direct proximate result of Defendants' unreasonable restraint of Plaintiff's liberty, Plaintiff suffered discomfort, distress and loss of liberty; and suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being taken to a secluded area against her will, sexually assaulted, and otherwise being grossly mistreated by law enforcement.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages, punitive damages against Defendant Coulter in the amount of Five Million Dollars ($5,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## COUNT IV
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

53.

Plaintiff repeats and realleges each and every relevant allegation set forth in paragraphs 1 through 52 of this Complaint as if fully set forth herein verbatim.

54.

Defendant Coulter and others committed truly extreme and outrageous conduct that they knew had a high probability that said conduct would, and in fact did, inflict severe emotional distress for Plaintiff when she was forced to commit a sexual act at the hands of an armed police officer who called her a "pretty little nigger."

55.

As a direct and proximate result of the actions of Defendants, Plaintiff suffered severe distress and discomfort; and suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being forced to perform a sexual act, and otherwise being grossly mistreated by law enforcement.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages, punitive damages against Defendant Coulter in the amount of Five Million Dollars ($5,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## COUNT V
### (ILLINOIS GENDER VIOLENCE ACT ("GVA") 740 ILCS 82)

56.

Plaintiff repeats and realleges each and every relevant allegation set forth in paragraphs 1 through 55 of this Complaint as if fully set forth herein verbatim.

57.

Defendant Coulter's acts of violence and/or aggression were committed, either entirely or in part, on the basis of Plaintiff's gender when he forced her to perform a sexual act on himself.

11

58.

Defendant Coulter physically and sexually intruded and invaded Plaintiff's body under coercive conditions when he ordered her into and out of his vehicle in a secluded area with no means to call for help and forced her to perform a sexual act on himself.

59.

Defendant Coulter's act of touching Plaintiff without her consent constituted a battery.

60.

Defendant Coulter's actions, prior to forcing Plaintiff to commit the sexual act, caused Plaintiff to have realistic apprehension that he was going to commit a gender-related act of violence on her.

61.

Defendant Coulter's above actions are accordingly a violation of the GVA for which relief of actual damages, damages for emotional distress and punitive damages are awarded.

62.

As a direct and proximate result of the actions of Defendants, Plaintiff suffered severe distress and discomfort; and suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being forced to perform a sexual act, and otherwise being grossly mistreated by law enforcement.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages, punitive damages against Defendant Coulter in the amount of Five Million Dollars ($5,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## **COUNT VI**
### **(DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983)**

63.

Plaintiff repeats and realleges each and every relevant allegation set forth in paragraphs 1 through 62 of this Complaint as if fully set forth herein verbatim.

64.

Defendants conduct on June 30, 2018, occurred under color of state law when Defendant Coulter provided Plaintiff a "courtesy transport" which resulted in a sexual assault.

65.

Defendants conduct, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff in violation of the Fourth Amendment to the Constitution, did on June, 30 2018, deprive Plaintiff of her Constitutional rights by sexually assaulting her and/or failing to prevent sexual assault, when they had the opportunity to do so.

66.

The sexual assault was in violation of Plaintiff's right to be free from unreasonable seizure secured by the Fourth Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

67.

As a direct and proximate result of Defendants' sexual assault of Plaintiff as set forth herein, Plaintiff suffered severe emotional anguish.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the full and just amount of Ten Million Dollars ($10,000,000.00), in compensatory damages, punitive damages against Defendant Coulter in the amount of Fifteen Million Dollars ($15,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

This 26th day of June, 2019.

                                            Respectfully submitted,

                                            **GREENE LEGAL GROUP LLC**

                                            By: */s/ Reginald A. Greene*
                                            Reginald A. Greene
                                            Illinois Bar No. 6230956
                                            *Attorney for Plaintiff*

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 (facsimile)
rgreene@greenelegalgroup.com